STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES EDWARD MYERS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0070**  (BOR Appeal No. 2046088)
                    (Claim No. 2010134863)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Edward Myers, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a June 1, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 1, 2010, denial of Mr. Myers's application for carpal tunnel syndrome, finding that the condition was not caused by his employment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Myers worked for over thirty years as a slab grinder operator for Huntington Alloys Corporation. His job duties required him to operate a grinder by manipulating a joystick with each hand. On March 16, 2010, Mr. Myers was seen by Dr. Young for pain and tingling in his hands and pain in his lateral forearms. Dr. Young performed a nerve conduction study (NCS) which showed some median nerve changes and ulnar nerve changes. Dr. Young stated that running a grinder could have caused Mr. Myers's condition. But Dr. Young did not believe that it was a clear work-related case because Mr. Myers's diabetes mellitus could also have caused

1

the condition. Following this evaluation, Mr. Myers filed an application for workers' compensation benefits based on carpal tunnel syndrome. The physician's portion of the application was completed by Dr. Harris who checked a box on the application indicating that he believed the carpal tunnel syndrome was occupationally related. On July 1, 2010, the claims administrator denied Mr. Myers's application based on a report by Dr. Niebruegge who found that Mr. Myers's carpal tunnel syndrome was more likely related to his pre-existing diabetes. Mr. Myers was then evaluated by Dr. Mukkamala. Dr. Mukkamala diagnosed Mr. Myers with carpal tunnel syndrome but concluded that the condition was not due to Mr. Myers's occupational activities as a slab grinder. Dr. Mukkamala found that the condition was entirely due to non-occupational causes such as diabetes and excessive weight. The Office of Judges affirmed the claims administrator's decision on June 1, 2011. The Board of Review then affirmed the Order of the Office of Judges on December 22, 2011, leading Mr. Myers to appeal.

The Office of Judges concluded that Mr. Myers did not demonstrate that his carpal tunnel syndrome was work-related. The Office of Judges found that the only medical evidence that related Mr. Myers's condition to his work activities was the check mark made by Dr. Harris on the application indicating that an occupational injury had occurred. The Office of Judges did find that Mr. Myers had a compensable claim for carpal tunnel syndrome in 1992. But the Office of Judges found that the medical record did not support a finding that Mr. Myers's current carpal tunnel syndrome was related to his employment. The Office of Judges considered the report of Dr. Young, who did not believe Mr. Myers's claim was a clear cut work-related case. The Office of Judges also relied on the report of Dr. Niebruegge and Dr. Mukkamala who both found that Mr. Myers's condition was more likely related to his diabetes. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The medical evidence in the case demonstrates that Mr. Myers has carpal tunnel syndrome. But there is insufficient evidence to causally link Mr. Myers's condition to his employment. The preponderance of the evidence shows that Mr. Myers's condition is more likely attributable to non-occupational causes like his diabetes. Furthermore, Mr. Myers's job duties do not place him in a category that is at a high risk for developing carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.5 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum